IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JENNIFER SCHILLACI,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | 2:12-cv-01127 |
| v. ) | |
| ) | |
| **WALMART; WAL-MART;** ) | |
| **WAL-MART STORES, INC.;** ) | |
| **WAL-MART ASSOCIATES, INC.;** ) | |
| **WAL-MART REAL ESTATE** ) | |
| **BUSINESS TRUST;WAL-MART** ) | |
| **REALTY COMPANY; WAL-MART** ) | |
| **STORES L.P.; AND WEST MIFFLIN** ) | |
| **WALMART SUPERCENTER** ) | |
| **STORE #2281** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM ORDER

Presently pending before the Court for disposition is the MOTION TO REMAND (Doc. No. 8), filed by Plaintiff Jennifer Schillaci ("Schillaci" or "Plaintiff") with brief in support (Doc. No. 9). In response, Defendants WalMart; Wal-Mart; Wal-Mart Stores, Inc.; Wal-Mart Associates, Inc.; Wal-Mart Real Estate Business Trust; Wal-Mart Realty Company; Wal-Mart Stores East, L.P.; and West Mifflin Walmart Supercenter Store # 2281 (collectively, "Defendants"); have filed a brief in opposition (Doc. No. 16), and Plaintiff has filed a reply brief. (Doc. No. 17). Also pending before the Court is the Defendants MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM (Doc. No. 6). Accordingly, the motions are now ripe for disposition.

Plaintiff commenced this civil action in the Court of Common Pleas of Allegheny County, PA at docket number GD 12-004670, in which she seeks compensatory and punitive damages arising from an incident which allegedly occurred on March 17, 2011 at a Wal-Mart

store in West Mifflin, Pennsylvania.  According to Plaintiff's Complaint, she was completing her daily shift as the then-Manager of Smart Style, a hair salon chain that is located inside Wal-Mart stores across the country, when Wal-Mart employees accused her of retail theft without justification and unlawfully detained her for questioning.  Plaintiff further avers that Wal-Mart informed her employer that it had detained her and that it had banned her from the store, causing Smart Style to terminate Plaintiff's employment.  Based on those events, Plaintiff sought recovery in excess of $25,000, the arbitration limit for Allegheny County Court,[1] on six (6) causes of action: (1) false arrest; (2) false imprisonment; (3) tortious interference with existing and potential contractual relations; (4) intentional infliction of emotional distress; (5) defamation/defamation by implication; and (6) negligent supervision.

After the initial filing of the Complaint, counsel for Defendants contacted the attorney representing Plaintiff by letter on July 17, 2012 and requested that the latter execute a stipulation "agreeing that the full amount of <u>any and all</u> damages [his] client may be awarded in this matter, if any, shall not exceed Seventy-Five Thousand Dollars ($75,000)."  (Doc. No. 8-1 at 1) (emphasis in original).  The letter also explained that if Plaintiff did not execute and return the stipulation, then the Defendants would consider filing a Notice of Removal.  In his responsive letter, dated July 31, 2012, Plaintiff's counsel refused to enter into the agreement and questioned whether the Defendants could satisfy the jurisdictional prerequisites for a federal diversity case upon removal.  Defendants timely removed the matter to this Court on August 8, 2012.  Thereafter, on August 20, 2012, Plaintiff filed the Motion to Remand now before this Court.

Simply stated, the parties now dispute whether the amount in controversy meets the statutorily required threshold for diversity jurisdiction.  *See* 28 U.S.C. § 1332(b).  To summarize

---

1. Rule 1301 of the Allegheny County Civil and Family Court Rules states that "[c]ivil actions, proceedings and appeals or issues therein where the demand is for $25,000 or less (exclusive of interest and costs)" must first be submitted to and heard by a Board of Arbitrators.

their respective positions: Plaintiff (1) claims that Defendants have not met their ongoing burden to establish that removal was proper; and (2) requests that the Court remand the case and award attorneys' fees and costs incurred in connection with opposing the removal; Defendants argue (1) that the allegations in the Complaint, if accepted as true, establish that the damages sought are in excess of $75,000, especially when the Court considers that Plaintiff seeks punitive damages; (2) that the failure to execute the stipulation provides evidence that the amount in controversy exceeds $75,000; and (3) that should the Court remand this case, Plaintiff is not entitled to fees and costs because the law is unsettled with regard to the new statutory removal provisions and stipulations to limit damages.

Federal courts have a strict duty to exercise the jurisdiction conferred upon them by Congress. *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996). However, "[f]ederal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. Of Am.*, 511 U.S. 375, 377 (1994). The removal statute, 28 U.S.C. § 1441, must be strictly construed to honor the intent of Congress to restrict federal diversity jurisdiction, *Samuel–Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004), and remand is proper if at any time the court lacks subject matter jurisdiction, 28 U.S.C. § 1447(c).

Based on recent amendments to the statute governing the procedure for removal of civil actions, 28 U.S.C. § 1446, a party removing a case to federal court bears the burden of establishing the $75,000 jurisdictional amount by a preponderance of the evidence. *See* Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. 112–63, 125 Stat. 758 (2011) (amending 28 U.S.C. § 1446(c)); *see also County of Washington, PA v. U.S. Bank Nat. Ass'n*, CIV.A. 11-1405, 2012 WL 3860474, *21 (W.D. Pa. Aug. 17, 2012), (Eddy, M.J.) *Report and Recommendation adopted*, CIV.A. 11-1405, 2012 WL 3860438 (W.D. Pa. Sept. 5, 2012)

(Bissoon, J.) (noting that until the recent Act, "allocation of the burden of proving or disproving the requisite amount-in-controversy was a murky area, despite substantial efforts by the Court of Appeals for the Third Circuit to clarify seemingly conflicting standards"). Thus, like the preponderance of the evidence standard in other contexts, this statutory change now requires the Court to determine whether Defendants have proven that it is more likely than not that the amount in controversy exceeds $75,000.

Courts that applied this evidentiary standard in similar cases before it was uniformly required have rejected the notion that the failure to stipulate, on its own, will defeat a Motion to Remand. *See, e.g.*, *Flitter v. Walmart Stores, Inc.*, CIV.A. 09-236-FJP-DL, 2009 WL 2136271, *4 (M.D. La. June 19, 2009) ("Plaintiff's failure to stipulate is only one factor to consider in determining whether the defendants have met their burden, and does not on its own establish that the court has jurisdiction."); *c.f. Martin v. Wal-Mart Stores, Inc.*, 709 F. Supp. 2d 345, 350 (D. N.J. 2010) ("Any number of reasons can account for Plaintiff's failure to execute Defendant's proposed stipulation: Plaintiff may not yet know the value of her claims; she may prefer to be uncooperative with Defendant; or the stipulation may simply have gotten lost in the mail."). Most often, courts have required that the proponent of removal present additional evidence that the amount in controversy is satisfied. *See id.* (citing cases that "relied on plaintiff's failure to stipulate in addition to other evidence to establish that the amount in controversy was satisfied'") (citations omitted).

Here, Defendants' conclusory statements that the recoverable damages may exceed the jurisdictional amount fall short of establishing by a preponderance of the evidence that the Court has subject-matter jurisdiction. That is, the Court will not make a finding of subject-matter jurisdiction based on the refusal to execute a stipulation absent any other evidence. The Court

also will not credit Defendants' attempt to invoke the punitive damages claim to meet the jurisdictional threshold, particularly when Defendants' filed a Motion to Dismiss Plaintiff's Complaint—including the demand for punitive damages—approximately two weeks before its Brief in Opposition. Indeed, Defendants' Motion to Dismiss seeks to dismiss all claims upon which they largely base their Brief in Opposition to the remand.

Put simply, it is not more likely that the amount in controversy exceeds $75,000 merely because Defendants so state, and the Court will not substitute Defendants' novel theories for the evidence necessary to support removal. Plaintiff has repeatedly claimed that she has been damaged in an amount in excess of $25,000. Without more, Defendants' contrary claim is not sufficient to confer jurisdiction premised upon diversity.

Thus, because removal was not proper under the facts and circumstances of this matter, this Court lacks jurisdiction over this case and Plaintiffs' Motion to Remand will be **GRANTED**, and the Defendants Motion to Dismiss for Failure to State a Claim will be **DENIED** as moot. This area of law has been recently amended and both sides have presented good faith arguments in support of their respective positions. Even though the Court agrees with Plaintiffs that removal was not proper, the request for sanctions will be **DENIED.** This case shall be remanded forthwith to the Court of Common Pleas of Allegheny County, Pennsylvania. The clerk shall docket this case closed.

**SO ORDERED** this 14th day of September, 2012.

BY THE COURT:

s/ Terrence F. McVerry
United States District Judge

cc:

A. Michael Gianantonio, Esq.
Email: mgianantonio@ablitigation.com

Jason A. Archinaco, Esq.
Email: jarchinaco@ablitigation.com

Analisa S. Sondergaard
Email: asondergaard@mcda-law.com

Patrick J. McDonnell
Email: pmcdonnell@mcda-law.com